**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JIMMY W. COX**                                                                          **PLAINTIFF**
**ADC #510505**

**v.**                                   **No: 4:24-cv-00841-JM-PSH**


**AUNDREA F. CULCLAGER,** *et al.*                                    **DEFENDANTS**


## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jimmy W. Cox, an inmate confined at the Arkansas Division of Correction's Tucker Unit, filed this *pro se* 42 U.S.C. § 1983 action on October 4, 2024 (Doc. No. 2).  Cox was granted leave to proceed *in forma pauperis* ("IFP") and directed to file an amended complaint to clarify his claims and describe the appropriate defendants (Doc. No. 3). He was cautioned that an amended complaint

would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. *Id.* Cox subsequently filed an amended complaint (Doc. No. 4). The Court has screened Cox's amended complaint and recommends that his claims be dismissed for failure to state a claim upon which relief may be granted, as further described below.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se*

plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).  Additionally, the law is clear that *respondeat superior* is not a recognized basis for § 1983 liability.  *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997).  To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action.  *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

Cox alleges that Tucker Unit medical staff failed to properly treat his hearing and he has suffered hearing loss as a result.  Doc. No. 4 at 4-5.  He names two defendants:  Aundrea F. Culclager and Laconya Harris.  *Id.* at 1.  However, Cox

does not describe how these individuals were involved in the violations he alleges.

Instead, his amended complaint mentions grievance coordinator Kaci Golden and

Dr. Beck, but does not list them as defendants.  The Court previously instructed Cox

to clarify who was involved in his medical treatment and to name the appropriate

defendants.  *See* Doc. No. 3 at 5.  He has not done so.  Because he does not describe

any involvement on the part of the two named defendants, Aundrea F. Culclager and

Laconya Harris, Cox's claims against them should be dismissed without prejudice

for failure to state a claim upon which relief may be granted.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1.      Cox's complaint be dismissed without prejudice for failure to state a

claim upon which relief may be granted; and

2.      Dismissal of this action count as a "strike" within the meaning of 28

U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

*pauperis* appeal from the order adopting this recommendation would not be taken in

good faith.

IT IS SO RECOMMENDED this 20th day of November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE